**Motions Granted and Abatement Order filed June 12, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00734-CR
_____

### HECTOR DAMIAN GIAGNACOVO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1525062**

---

## ABATEMENT ORDER

A jury convicted appellant of evading detention with a vehicle. In his appellate brief, appellant contends we should reverse the conviction and remand for a new trial because the jury charge and verdict from the guilt-innocence phase of the trial are missing from the clerk's record. The jury charge is required to be included in the clerk's record. Tex. R. App. P. 34.5(a)(4). The record contains an affidavit from a deputy district clerk swearing the original charge was misplaced and no copies of the charge have been located.

Texas Rule of Appellate Procedure 34.5(e) governs lost or destroyed portions of the clerk's record:

> If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Tex. R. App. P. 34.5(e).

The State asserts it retained a copy of the jury charge and verdict form, and the trial prosecutor executed an affidavit attesting to the veracity of the document. Appellant and the State reportedly cannot agree whether the State's copy of the charge is an accurate copy of the original.

As a result, the State has filed a motion asking us to abate the appeal and remand the case to the trial court under Rule 34.5(e) so the trial court may determine whether the State's copy of the charge is an accurate copy of the original. The motion has been on file for more than ten days, and no response has been filed. The State has also moved for an extension of time to file its brief pending our disposition of its motion to abate.

We **GRANT** both the motion to abate and the motion for extension and order as follows:

The 338th District Court shall immediately conduct a hearing at which appellant, appellant's counsel, and the State's counsel shall participate, either in person or by video teleconference, to determine the following: (1) whether a filing designated for inclusion in the clerk's record has been lost or destroyed; (2) whether the parties may, by written stipulation, deliver a copy of that item to the trial court

2

clerk for inclusion in a supplement to the clerk's record; or (3) if the parties cannot agree, what constitutes an accurate copy of the missing item. The court is directed to reduce its findings of fact to writing and to have a supplemental clerk's record containing those findings and, if applicable, the accurate copy of the missing item, filed with the clerk of this court by **July 11, 2018**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

The State's brief will be due **30 days** after the appeal is reinstated.

PER CURIAM